UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY )
INSURANCE COMPANY, )
                    )
       Plaintiff,      )     CIVIL ACTION NO. 05-10336 (RWZ)
                    )
v.                   )
                    )
J & K FISHING CORP.,    )
                    )
       Defendant,     )
_____)

## PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, North American Specialty Insurance Company ("Plaintiff Underwriters"), by undersigned counsel, as and for its Reply and Affirmative Defenses to the counterclaims asserted by Defendant, J & K Fishing Corp. ("Defendant" or "Defendant Assured"), states as follows:

### REPLY TO COUNTERCLAIM COUNT I

1.    Plaintiff Underwriters deny the allegations set forth in the first paragraph of Count I of Defendant Assured's counterclaim except to admit that the unseaworthiness of the F/V ATLANTA has not yet been conclusively established, though Plaintiff Underwriters submit, upon information and belief, that the evidence will show that the F/V ATLANTA was unseaworthy at all material times. In further reply, Plaintiff Underwriters note that Defendant Assured admits at paragraph 39 of its Answer that the weather conditions at the time of the F/V ATLANTA's capsize and sinking were not abnormal or unusual and further note that this Court has unequivocally stated that "[i]t is a recognized principle of admiralty law … that the loss of a vessel in a calm sea with no external force imposed upon her, raises a presumption that the vessel is unseaworthy." *Windsor Mount Joy Insurance Co. v. Giragosian*, 864 F. Supp. 239, 245 (D.

Mass. 1994)(Young, C.J.), *aff'd.*, 57 F.3d 50 (1st Cir. 1995), *citing, inter alia, Boston Insurance*

*Co. v. Dehydrating Process Co.*, 204 F.2d 441, 443 (1st Cir. 1953).

2.      Plaintiff Underwriters deny the allegation set forth in the second paragraph of Count I of

Defendant Assured's counterclaim that they have maintained this action for the purpose of

avoiding obligations under the Policy, note that they *have not denied coverage* under the hull and

machinery portion of the Policy but have been frustrated in their efforts to investigate the claim

and make an informed decision as to coverage by Defendant Assured's willful, unreasonable and

unexcused breach of its obligation to cooperate with Plaintiff Underwriters' investigation by

refusing to provide information as to the F/V ATLANTA's stability, and further note that

Plaintiff Underwriters advanced some $250,000.00 in connection with the capsize and sinking of

the F/V ATLANTA under the protection and indemnity portion of the Policy.  Plaintiff

Underwriters further deny the allegation set forth in the second paragraph of Count I of

Defendant Assured's counterclaim that they have tried to mislead the Court, and note that their

Complaint for Declaratory Judgment does not contain a count contending that any claim by

defendant is time-barred.  Plaintiff Underwriters further state that the allegations set forth in the

second paragraph of Count I of Defendant's counterclaim are wholly conclusory, have no

evidentiary support and have no likelihood of having evidentiary support after further

investigation or discovery.

3.      Plaintiff Underwriters admit the allegation set forth in the third paragraph of Count I of

Defendant Assured's counterclaim that they have requested that both of Defendant's principals,

Messrs. Silva and Carvalho, appear for examination under oath, as is Plaintiff Underwriters'

right under the cooperation clause of the Policy and applicable law.  Plaintiff Underwriters lack

knowledge or information sufficient to form a belief as to the truth of the allegations in the third

paragraph of Count I of Defendant's counterclaim concerning what one of Defendant's principals may have been advised by his physicians. In further reply, Plaintiff Underwriters note that Defendant's position as to whether one of its principals, Mr. Carvalho, is emotionally capable of appearing for examination under oath has changed several times, with Defendant initially agreeing to make Mr. Carvalho available, then withdrawing that agreement, and that Mr. Carvalho did in fact appear before United States Coast Guard investigators in connection with the capsize and loss of the F/V ATLANTA. Plaintiff Underwriters also note that though Defendant's counsel wrote to undersigned counsel on August 27, 2004 stating that Defendant's counsel would be providing undersigned counsel with a letter from Mr. Carvalho's physician as to his condition, despite repeated requests by undersigned counsel, that letter was only received seven months later, with Defendant's Answer and Counterclaim herein, on or about April 1, 2005.

4.    Plaintiff Underwriters admit the allegation in the fourth paragraph of Count I of Defendant Assured's counterclaim that Defendant and/or its principals might be subject to criminal prosecution in connection with the capsize and sinking of the F/V ATLANTA, as the capsize resulted in the loss of three lives. *See* 18 U.S.C. § 1115. Plaintiff Underwriters also admit that defendant's principals have a constitutional right to assert the Fifth Amendment privilege in response to questions where their responses might incriminate them, but note that an assured's assertion of Fifth Amendment rights does not excuse the assured's material breach of the assured's duty to cooperate. *Mello v. Hingham Mutual Fire Insurance Co.*, 421 Mass. 333, 656 N.E.2d 1247 (1995); *Metlife Auto & Home*, 59 Mass. App. Ct. 583, 797 N.E.2d 18 (Mass. App. 2003).

5.     Plaintiff Underwriters deny the allegation in the fifth paragraph of Count I of Defendant

Assured's counterclaim that Defendant has cooperated fully, as during his examination under

oath Defendant's Mr. Silva repeatedly refused to respond to any questions relating to the F/V

ATLANTA's stability, asserting the Fifth Amendment, and thus refused to provide information

that is critical to analysis of the vessel's stability and the cause of the capsize.  Defendant's only

other principal, Mr. Carvalho, has refused to appear for examination under oath at all, claiming

that his allegedly fragile emotional state prevents him from doing so.

6.     Plaintiff Underwriters deny the allegations contained in the sixth paragraph of Count I of

Defendant Assured's counterclaim.

7.     Plaintiff Underwriters deny the allegations contained in the seventh paragraph of Count I

of Defendant Assured's counterclaim.

8.     Plaintiff Underwriters deny the allegations contained in the eighth paragraph of Count I

of Defendant Assured's counterclaim.

## REPLY TO COUNTERCLAIM COUNT II

[1-7]    In reply to the paragraph of Count II of Defendant Assured's counterclaim denominated

"1-7)", Plaintiff Underwriters repeat their replies to paragraphs 1 through 7 of Count I, as if fully

set forth herein.  In further reply, Plaintiff Underwriters further repeat their denial of the

allegations set forth in the eighth paragraph of Count I of Defendant Assured's counterclaim.

[8].     In reply to the paragraph of Count II of Defendant Assured's counterclaim denominated

"8)", Plaintiff Underwriters deny the allegations set forth in that paragraph.

## AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

1.     Defendant Assured's counterclaims fail to state claims upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff Underwriters have not denied Defendant Assured's claim under the hull and machinery portion of the Policy; Underwriters have been prevented from taking a decision as to coverage by Defendant's failure to cooperate as required under the Policy and applicable law. Plaintiff Underwriters have not breached any term of the Policy, have not acted in any way contrary to Mass. Gen. Laws c. 176D and have not acted in any way contrary to the implied covenant of good faith and fair dealing.

THIRD AFFIRMATIVE DEFENSE

3.     Without limitation, given the legal presumption that a vessel which sinks in calm seas is presumed to be unseaworthy, given the fact that Defendant Assured's own naval architect described the F/V ATLANTA's stability as "marginal" and recommended certain steps be taken in an effort to correct that marginal stability, given the fact that, upon information and belief, Defendant Assured never took the steps recommended by its own naval architect to attempt to correct the F/V ATLANTA's marginal stability before the F/V ATLANTA capsized and sank with the loss of three lives, given the fact that Defendant never provided any training or guidance to its crews regarding the F/V ATLANTA's stability, given the fact that at the time of the capsize the F/V ATLANTA was reportedly overloaded with a seven to ten foot high pile of unshucked scallops on deck, Plaintiff Underwriters' liability in connection with the hull and machinery portion of the Policy has never become reasonably clear.

FOURTH AFFIRMATIVE DEFENSE

4.     M.G.L. c. 176D does not itself provide a remedy and Defendant has failed to state a claim upon which relief can be granted in connection with that statute.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant Assured has failed to allege a breach of contract, much less conduct that

would rise to the level of a breach of the covenant of good faith and fair dealing.

## SIXTH AFFIRMATIVE DEFENSE

6.     Defendant Assured has stated counterclaims, affirmative defenses and other legal

contentions that are not warranted by existing law or by a nonfrivolous argument for the

extension, modification, or reversal of existing law or the establishment of new law.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant Assured has asserted allegations and other factual contentions without

adequate evidentiary support and which are not likely to have evidentiary support after a

reasonable period for further investigation or discovery.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendant Assured has materially breached the Policy and the implied covenant of good

faith and fair dealing and is estopped from claiming coverage under the Policy.

## NINTH AFFIRMATIVE DEFENSE

9.     Defendant Assured's counterclaims are barred by Defandant's unclean hands.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendant Assured has failed to allege facts with sufficient particularity to sustain its

claims.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     To the extent that any of Defendant Assured's affirmative defenses to Plaintiff

Underwriters' Complaint for Declaratory Judgment are more properly denominated as

counterclaims, Plaintiff Underwriters deny the same.

6

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff Underwriters continue to reserve their rights under the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff Underwriters reserve the right to assert additional affirmative defenses to Defendant Assured's counterclaims up to and including the time of trial.

WHEREFORE, Plaintiff, North American Specialty Insurance Company, respectfully prays that the Court dismiss Defendant Assured's counterclaims with prejudice, award Plaintiff Underwriters their fees and costs in connection with Defendant Assured's counterclaims, and enter judgment in favor of Plaintiff Underwriters for the relief requested in Plaintiff Underwriters' Complaint for Declaratory Judgment, including entering judgment:

A.    That the Assured breached implied warranties of seaworthiness, rendering the Policy void or voidable;

B.    That the Assured has breached its obligation to cooperate under the Policy, rendering the Policy void or voidable;

C.    That in the event that Plaintiff Underwriters pay the Assured's mortgagee, under the terms of the mortgagee's interest portion of the Policy, the Assured will be subrogated to all of the mortgagee's rights against the Assured; and,

D.    Any such further relief as the Court deems just and equitable.

Continued on the following page

Dated: April 15, 2005                              Respectfully submitted,

                                                   NORTH AMERICAN SPECIALTY
                                                   INSURANCE COMPANY,

                                                   By its Attorneys,

                                                   Bradley F. Gandrup, Jr. (BBO No. 549794)
                                                   Fitzhugh, Parker & Alvaro LLP
                                                   155 Federal Street, Suite 1710
                                                   Boston, MA 02110-1727
                                                   Tel.: (617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify pursuant to 28 U.S.C. § 1746 that a true copy of the above document was

served upon the attorney of record for each other party by first class mail, postage prepaid, on

April 15, 2005.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  April 15, 2005
Boston, Massachusetts

                                         Bradley F. Gandrup, Jr.