UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY )
INSURANCE COMPANY,       )
                         )
        Plaintiff,       )    CIVIL ACTION NO. 05-10336-(RWZ)
                         )
v.                       )
                         )
J & K FISHING CORP.,     )
                         )
        Defendant,       )
_____)

## AMENDED JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Now come the parties in the above-captioned action, and, by their attorneys, submit this Amended Joint Statement in accordance with the provisions of Local Rule 16.1. The Court has scheduled an initial scheduling conference in this matter for June 16, 2005 at 3:00 p.m. The parties are submitting this Amended Joint Statement, superseding that filed on May 4, 2005, to account for developments in the litigation since that time.

I.      **Nature of the Case**

        A.      **Plaintiff Underwriters' Statement as to the Nature of the Case**

        Plaintiff, North American Specialty Insurance Co. ("Plaintiff Underwriters"), seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 *et seq.* and Fed. R. Civ. P. 57, concerning a certain marine insurance policy (the "Policy") issued to defendant, J & K Fishing Corp. ("Defendant"), in respect of its vessel the F/V ATLANTA, which capsized and sank approximately 25 nautical miles south of Chatham, Massachusetts on December 13, 2003. Plaintiff Underwriters intend to shortly file an Amended Complaint for Declaratory Judgment, an amendment to which the defendant Assured has consented.

1

Plaintiff Underwriters have not denied coverage under the hull and machinery portion of the Policy, and in fact, advanced the Policy limit of $250,000 under the protection and indemnity portion of the Policy in connection with death and injury claims asserted by the F/V ATLANTA's former crewmembers. Plaintiff Underwriters submit, however, that the Policy should be declared void or voidable because, upon information and belief, the F/V ATLANTA was unseaworthy, because defendant breached its duty of the utmost good faith or *uberrimae fidei* and/or because Defendant has breached its duty to cooperate in Plaintiff Underwriters' investigation into the casualty by refusing to provide information concerning the ATLANTA's stability, and thus preventing Plaintiff Underwriters from making a decision as to coverage. Plaintiff Underwriters also seek a declaratory judgment to the effect that if Plaintiff Underwriters are required to pay Defendant's mortgagee bank under the mortgagee's interest insurance portion of the Policy, Plaintiff Underwriters will be subrogated to all rights against Defendant, and have judgment over against Defendant for the total amount that Plaintiff Underwriters pay to Defendant's mortgagee.

**B.     Defendant's Statement as to the Nature of the Case**

Defendant denies Plaintiff's claims. In addition, the Defendant asserts they have not been served with an Amended Complaint.

There is no credible evidence supporting the assertion that the F/V ATLANTA was unseaworthy and therefore, there is no basis for denying coverage on that ground.

In early February prior to the filing of this action, the Defendants notified the Plaintiff that the Defendant's principal had been cleared of any criminal negligence by the U.S. Coast Guard and that as a result, he would respond to the questions that he

2

previously declined to answer under the Fifth Amendment. Consequently, the Plaintiff's claim is moot.

As for the other principal, he has been precluded from testifying because of significant health issues, and as a result, has not failed to cooperate.

The Plaintiff neither alleges nor can it prove that any breach of the warranty of seaworthiness contributed to or caused the loss of the vessel.

Further, Defendant has counterclaimed that Plaintiff's actions constitute a violation of Massachusetts General Laws Chapter 176D and also breach the covenant of good faith and fair dealing.

**II.     Agenda for the Conference**

**A.     Plaintiff Underwriters' Proposed Agenda for the Conference**

In addition to discussing a discovery schedule, Plaintiff Underwriters would also like to discuss with the Court at the scheduling conference Plaintiff Underwriters' possible motion for summary judgment and, 2) pursuant to Fed. R. Civ. P. 16(c)(1), the elimination of Defendant's counterclaims, which Plaintiff Underwriters respectfully submit have no evidentiary support and are not warranted by existing law.

**B.     Defendant's Proposed Agenda for the Conference**

In addition to discussing a discovery schedule, Defendant would also like to discuss with the Court at the scheduling conference: 1) Addition of additional counterclaims and amendment of pleadings based upon factual depositions to occur in June – August 2005.

III.   **Obligation of Counsel to Confer**

Counsel have conferred in accordance with the provisions of Local Rule 16.1. Plaintiff's Certification Pursuant to LR 16.1(D)(3) was filed with the parties' original Joint Statement on May 4, 2005. Defendant's was subsequently filed.

IV.   **Settlement Proposal**

   A.   **Plaintiff Underwriters' Statement**

Given the nature of this matter as a declaratory judgment action under 28 U.S.C. §§ 2201 *et seq.*, Plaintiff Underwriters are uncertain whether compliance with Local Rule 16.1(C) concerning the plaintiff's presentation of a written settlement proposal to defendant is required. However, without prejudice to or waiver of their reservation of rights in connection with the Policy, and in the interest of avoiding the cost of litigation, Plaintiff Underwriters provided a written settlement proposal to Defendant well prior to the commencement of suit.

   B.   **Defendant's Statement**

It is the Defendant's position that Plaintiff's "Settlement Proposal" falls short of a Settlement Proposal.

V.   **Proposed Discovery Plan**

   A.   **Plaintiff Underwriters' Proposal as to Discovery**

After consideration of Fed. R. Civ. P. 26(f) and Local Rule 16.1, Plaintiff Underwriters propose the following phased discovery plan:

   1.   The parties will file all amendments and supplements to pleadings, including all motions to add additional parties or claims, by August 1, 2005;

2. The parties will serve all written discovery requests by August 29, 2005;

3. The parties will complete all factual depositions by October 7, 2005;   12/1/05

4. The parties will thereafter attend a case management conference to be scheduled by the Court to discuss issues set forth in Local Rule 16.3.

5. Plaintiff Underwriters will designate their trial expert(s) by October 21, 2005;

6. Defendant will designate its trial expert(s) by November 18, 2005;

7. The parties will complete expert discovery by December 18, 2005;   3/1/06

8. The parties will file all dispositive motions by February 1, 2006 and   conf. 3/14

9. The parties will thereafter attend a final pretrial conference to be scheduled by the Court.   at 2

**B.  Defendant's Proposal as to Discovery**

1. The parties will file all amendments and supplements to pleadings, including all motions to add additional parties or claims, by August 1, 2005, unless discovery uncovers new information;

2. The parties will serve all written discovery requests by September 30, 2005;

3. The parties will complete all factual depositions by December 31, 2005;

4. The parties will thereafter attend a case management conference to be scheduled by the Court to discuss issues set forth in Local Rule 16.3.

5. Plaintiff Underwriters will designate their trial expert(s) by January 31, 2006;

6. Defendant will designate its trial expert(s) by March 15, 2006;

7. The parties will complete expert discovery by May 15, 2006;

8. The parties will file all dispositive motions by June 30, 2006; and

9. The parties will thereafter attend a final pretrial conference to be scheduled by the Court.

## VI. Trial by Magistrate Judge

The parties do not consent to trial by Magistrate Judge.

Dated: June 16, 2005

Respectfully submitted,

NORTH AMERICAN SPECIALTY INSURANCE CO.

By its attorney,

Bradley F. Gandrup, Jr. BBO# 549794
Holbrook & Murphy
150 Federal Street, 12th Floor
Boston, MA 02110
Tel.: (617) 428-1151

J & K FISHING CORP.

By its attorneys,

David J Ansel, BBO# 019900
Ansel & Associates
66 Long Wharf
Boston, MA 02110
Tel.: (617) 367-0200

Charles M. Sabatt, BBO# 436740
Matthew Dupuy, BBO#139000
Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C.
25 Mid Tech Dr., Suite C
West Yarmouth, MA 02673
Tel.: (508) 775-3433