UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY )
INSURANCE COMPANY, )
                              )
       Plaintiff, ) CIVIL ACTION NO. 05-10336 (RWZ)
                              )
v. )
                              )
J & K FISHING CORP., )
                              )
       Defendant, )
_____ )

**PLAINTIFF'S MOTION FOR EXTENSION OF THE DISCOVERY SCHEDULE**

Plaintiff, North American Specialty Insurance Company ("plaintiff"), by its undersigned counsel, respectfully moves for a 60 day extension of the discovery schedule. The factual discovery deadline herein is currently set for December 1, 2005.

**BACKGROUND**

This declaratory judgment action concerns the December, 2003 capsize and sinking of the F/V ATLANTA (the "ATLANTA" or the "vessel"), which resulted in the deaths of three of the vessel's seven crewmembers.

The ATLANTA was owned by defendant and built in Thibodaux, Louisiana in 2002. Defendant retained a Louisiana naval architect, Mr. Peter Fritz, to perform an inclining test on the vessel, a test used to determine a vessel's stability. Mr. Fritz performed an inclining test on the ATLANTA on or about December 23, 2002, and issued an Inclining Report on or about January 3, 2003, in which he noted that the vessel was top-heavy. Mr. Fritz's Inclining Report states that "[i]n order to determine how much fixed ballast should be added to the vessel, to improve the top-heavy nature of this vessel, further stability calculations have to be done." Mr. Fritz's Inclining Report concluded that: "[b]ased on the inclined condition, we recommend calculating tank

1

capacity tables and with these determine the different operating conditions and the resulting stability. This will determine how much additional weight should be added to this vessel to improve its marginal stability."

Defendant never undertook the steps naval architect Fritz recommended and the vessel capsized and sank while fishing on December 13, 2003. Plaintiff, the vessel's hull and machinery insurance underwriters, filed this declaratory judgment action asserting upon information and belief, *inter alia*, that the defendant assured breached implied warranties of seaworthiness, breached its duty to disclose circumstances materially affecting the risk and breached its duty to cooperate with plaintiff's investigation of the ATLANTA casualty.

There are two central reasons for plaintiff's motion for an extension: 1) difficulties in arranging for the depositions of Mr. Fritz and the vessel's builder in Louisiana as a result of Hurricane Katrina, and 2) difficulties in arranging for depositions of the vessel's surviving crew.

### **REASONS FOR GRANTING THE MOTION**

Substantial discovery has already occurred in this matter. Initial disclosures were duly exchanged. The depositions of defendant's principals have been taken. Significant document discovery has also occurred with documents exchanged between the parties pursuant to requests for production, obtained from third parties pursuant to subpoena and obtained from federal agencies by requests made under the Freedom of Information Act. Both parties have also served and responded to requests for admissions. The difficulties in arranging for the critical depositions in this matter referred to above are as follows.

A. **The Difficulties in Arranging the Depositions of Surviving Crewmembers**

On June 22, 2005, plaintiff issued notices of deposition and deposition subpoenas for two of the surviving crewmembers, the vessel's Mate, Ernest Silva, and crew member Flavio Bolairinho, setting their depositions for mid-July. (The subpoenas are attached as Exhibit A).

2

Subsequent to service of these subpoenas, undersigned counsel was contacted by Thomas Hunt, Esq., an attorney in New Bedford representing the decedent and surviving crewmembers of the ATLANTA, who requested that the depositions be postponed as he had a scheduling conflict. Mr. Hunt indicated that the witnesses would be considered still subject to the subpoenas, and would appear at a mutually convenient date to be arranged. Based on these assurances, and as a matter of professional courtesy, the undersigned agreed to Mr. Hunt's request. On August 23, 2005, the undersigned again spoke with Mr. Hunt in an effort to re-schedule the depositions. Mr. Hunt then indicated, however, that Mr. Silva and Mr. Bolairinho had both been crewmembers aboard another vessel that had just sunk, the THERESA R, and requested a further postponement of their depositions to allow them to recover, to which request the undersigned also agreed. (A story from the online edition of the Boston Globe related to the sinking of the THERESA R and mentioning Messrs. Silva and Bolairinho is attached as Exhibit B).

On September 28, 2005, after conferring both with counsel for defendant and with Mr. Hunt as to convenient dates, the undersigned confirmed with Mr. Hunt that the depositions of Messrs. Silva and Bolairinho would occur on November 3, 2005. (The undersigned's confirming letter to Mr. Hunt dated September 28, 2005 is attached as Exhibit C). When the undersigned telephoned Mr. Hunt on October 31, 2005 to again confirm the depositions, however, Mr. Hunt stated that the witnesses would not be able to appear as scheduled. He indicated that, despite the fact that Silva and Bolairinho had been subpoenaed, it was difficult for him to dissuade working fishermen from proceeding to sea in the currently extremely lucrative scallop fishery. He again promised, however, to arrange for their depositions as soon as possible.

Testimony from these surviving crewmembers, particularly the vessel's Mate, Mr. Silva, is critical in order to demonstrate the conditions on board the ATLANTA prior to its capsize. Though the undersigned submits that he has been very diligent in attempting to arrange these

3

depositions, the above difficulties have nevertheless been encountered. The undersigned has also attempted to contact the ATLANTA's other two surviving crewmembers, though they have been much more difficult to locate (and thus more elusive to serve) than Messrs. Silva and Bolairinho. Though Mr. Hunt has indicated that the above crewmembers will indeed be made available for deposition, given the foregoing difficulties, plaintiff considered it prudent to seek an extension of the current discovery schedule in advance of the current factual discovery date of December 1, 2005. Of course, if the subpoenaed depositions cannot be arranged through Mr. Hunt in relatively short order, plaintiff may have to seek the Court's assistance under Fed. R. Civ. P. 45(e).

**B.** **The Difficulties in Arranging the Depositions of Witnesses in Louisiana**

Counsel for the parties were discussing arranging the depositions in Louisiana of naval architect Peter Fritz and the vessel's builder, St. Charles Steel Works, Inc., prior to August 29, 2005 and the days following, when Hurricane Katrina and its aftermath devastated the New Orleans area. Given the fact that New Orleans had been evacuated, and most communities in the New Orleans region overwhelmed with evacuees, for many weeks proceeding with these depositions seemed to be a practical impossibility. The undersigned, who practiced law in New Orleans in the 1980s, made several telephone calls to colleagues in Louisiana hoping to arrange to take the depositions of these witnesses in Baton Rouge or Thibodaux. However, as so many people had left the New Orleans area and taken refuge in Baton Rouge and Thiboduax, there were simply no facilities available to take the depositions, or available hotel accommodations.

Over the last two weeks, the undersigned has been able to arrange for deposition subpoenas to be served on both the Louisiana witnesses and to arrange to proceed with their depositions in New Orleans, which is gradually reopening. (The United States District Court for the Eastern District of Louisiana reopened in New Orleans only on November 1, 2005). The depositions of St. Charles Steel Works, Inc. was set for November 15 and that of Mr. Fritz for

4

November 16. Unfortunately, counsel for St. Charles Steel Works, Inc., which has been sued in the United States District Court for the Eastern District of Louisiana in a suit captioned *Silva v. St. Charles Steel Works, Inc.*, No. 2:04 cv 03324 (LMA-JCW) by the decedent and surviving ATLANTA crewmembers, is not available to defend St. Charles Steel Works, Inc. on November 15, as he is commencing a trial in another matter the previous day. Thus, although we will proceed with the deposition of Mr. Fritz in New Orleans on November 16, it remains to be seen whether the other deposition can be re-scheduled prior to the current December 1, 2005 factual discovery date. Consequently, plaintiff believed it prudent to move the Court now for a brief 60 day extension of the discovery schedule.

Plaintiff submits that the difficulties encountered in arranging the above depositions have not resulted from any lack of diligence on its part, but instead have resulted from Hurricane Katrina (the largest natural disaster in the history of the United States), from the unfortunate sinking of the THERESA R, and from other events beyond plaintiff's control. Plaintiff has requested no previous extension of the discovery schedule in this matter.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Extend the Discovery Schedule by 60 days should be granted.

Dated: November 10, 2005

Respectfully submitted,

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY

By its Attorneys,

Bradley F. Gandrup, Jr. (BBO No. 549794)
Holbrook & Murphy
15 Broad Street, Suite 900
Boston, MA 02109
Tel.: (617) 428-1151


## LR 7.1(A)(2) CERTIFICATION

Pursuant to the LR 7.1(A)(2), undersigned counsel certifies that he conferred with counsel for defendant, J & K Fishing Corp., suggesting that this motion be made jointly or that defendant assent to it but that defendant's counsel refused to join a motion for an extension of the discovery schedule or assent to one.

_____
Bradley F. Gandrup, Jr. (BBO No. 549794)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by hand delivery on David Ansel, Esq., Ansel & Associates, 66 Long Wharf, Boston, MA 02110, and by mail on Charles M. Sabatt, Esq., Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C., 25 Mid Tech Drive, West Yarmouth, MA 02673 on November 10, 2005.

_____
Bradley F. Gandrup, Jr. (BBO No. 549794)

47

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      MASSACHUSETTS

NORTH AMERICAN SPECIALTY INSURANCE CO.

V.

J & K FISHING CORP.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-10336 (RWZ)

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

TO: Mr. Ernest Silva
56 Dudley St.
New Bedford, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| MARINE SAFETY CONSULTANTS, INC., 26 WATER ST., FAIRHAVEN, MASS. | 7/15/2005 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ANY DOCUMENTS CONCERNING THE F/V ATLANTA, INCLUDING, BUT NOT LIMITED TO, ANY PHOTOGRAPHS.

| PLACE | DATE AND TIME |
|---|---|
| MARINE SAFETY CONSULTANTS, INC., 26 WATER ST., FAIRHAVEN, MASS. | 7/15/2005 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] — attorney for plaintiff | 6/22/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Bradley F. Gandrup, Jr., Holbrook & Murphy, 150 Federal Street, Boston, MA 02110 (617) 428-1151, ext. 230

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# HOLBROOK & MURPHY
ATTORNEYS AT LAW
PROCTORS IN ADMIRALTY

150 FEDERAL STREET
12TH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617)-428-1151
FACSIMILE: (617) 443-1696

E-MAIL: holbrook_murphy@msn.com

June 22, 2005

Mr. Ernest Silva
56 Dudley Street
New Bedford, MA

Re:  F/V ATLANTA
     **North American Specialty Insurance Co. v. J & K Fishing Corp.**
     <u>Civil Action No. 05-10336 (RWZ)</u>

Dear Mr. Silva:

As you may recall from our conversation on April 15, 2005, I represent North American Specialty Insurance Company, J & K Fishing Corp.'s insurers. I spoke with your former counsel Tom Hunt, who indicated that he had no problem with me speaking further with you as your claim had been settled.

I mentioned when we spoke that it might be necessary for me to take your deposition testimony. You will be receiving this letter with a copy of a subpoena for your deposition, to be taken at the offices of Marine Safety Consultants, Inc. at 26 Water Street in Fairhaven, Mass., on July 15, 2005 at 10:00. The subpoena also requires you to bring any documents you may have concerning the F/V ATLANTA to your deposition.

Hopefully, July 15 will be convenient for you. If not, please contact me as soon as possible and we can try to arrange something that would be more convenient.

Of course, should you have any questions, please do not hesitate to contact me.

Thank you.

Very truly yours,

Brad Gandrup, Jr

JUNE 23, 2005

# *QUICKSERV*
### ALLSTATE PROCESS SERVERS

## RETURN OF SERVICE

*I this day summoned the within named* ERNEST SILVA

*to appear as within directed by delivering to*   ILDA SILVA, WIFE, 7:45 AM

**X**   *in hand, or*
   *leaving at last and usual place of abode, to wit:*

*No.*   56 DUDLEY STREET
*in the*  NEW BEDFORD    *District of said*  BRISTOL    *County an attested copy of the subpoena together with*   $ 47    *fees for attendance and travel*

| | |
|---|---|
| *Service and travel* | 28 |
| *Paid Witness* | 47 |

*it being necessary I actually used a motor vehicle in the distance of*
50    *miles in the service of this process*

_____
Process Server

AO88 (Rev. 1/94) Subpoena in a Civil Case

47

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY INSURANCE CO.

V.

J & K FISHING CORP.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-10336 (RWZ)

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

TO: Mr. Flavio Bolairinho
65 Independence Street
New Bedford, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| MARINE SAFETY CONSULTANTS, INC., 26 WATER ST., FAIRHAVEN, MASS. | 7/15/2005 2:00 pm |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
ANY DOCUMENTS CONCERNING THE F/V ATLANTA, INCLUDING, BUT NOT LIMITED TO, ANY PHOTOGRAPHS.

| PLACE | DATE AND TIME |
|---|---|
| MARINE SAFETY CONSULTANTS, INC., 26 WATER ST., FAIRHAVEN, MASS. | 7/15/2005 2:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] — attorney for plaintiff | 6/22/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bradley F. Gandrup, Jr., Holbrook & Murphy, 150 Federal Street, Boston, MA 02110 (617) 428-1151, ext. 230

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

JUNE 23, 2005

# *QUICKSERV*
### ALLSTATE PROCESS SERVERS



## RETURN OF SERVICE

*I this day summoned the within named* FLAVIO BOLAIRINHO

*to appear as within directed by delivering to*   (2) ATTEMPTS. COPY LEFT TAPED TO DOOR, SECOND COPY MAILED.

    *in hand, or*
**X**  *leaving at last and usual place of abode, to wit:*

*No.*   65 INDEPENDENCE STREET
*in the* NEW BEDFORD   *District of said* BRISTOL   *County an attested copy of the subpoena together with* $ 47   *fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | *it being necessary I actually used a motor vehicle in the distance of* 50 *miles in the service of this process* |
| *Paid Witness* | 47 | |

_____
Process Server

## Boat sinking rattles fishermen
### Experience was frightening, 2 say

By Luis A. Henao and Raja Mishra, Globe Staff | August 23, 2005

As the sharks circled and the sea churned, Ernest Silva said he thought back to the Atlanta's watery grave.
Two years ago, the 30-year-old New Bedford fisherman watched three friends die in the frigid Atlantic Ocean as their boat, the Atlanta, sank.
But Friday night, as Silva and his crewmates watched their boat, the Theresa R II, disappear beneath the dark water, everything was different.
They were in a raft and wore protective suits. And a nearby fishing boat had heard their distress call and was speeding over.
"My mind is a mess. This has happened twice. I don't know if I will go back to sea," Silva said yesterday during an interview in his native Portuguese.
Silva and all six other crewmen survived the incident in the Atlantic waters about 145 miles north of Nantucket. A nearby scalloper, the Harvester, rescued them at 11:28 p.m., about 30 minutes after their boat sank.
The incident is under investigation.
"In this case, your key piece of evidence is missing -- the boat itself," said US Coast Guard Petty Officer Luke Pinneo, adding that there are no plans to recover the vessel.
In telephone interviews yesterday, Silva and another crewman said they had no idea how water started to flood their 75-foot boat, sinking it in about two hours.
It seemed like a good day at sea, the men said. The Theresa R II had hauled in about 10,000 pounds of scallops. Then night came, and the 5-foot waves made for choppy going.
Suddenly, they said, water began filling the boat. The water was 4 feet deep in the engine room. Objects were floating, and pipes were bursting. The power went out, and the men radioed for help.
As the water level in the Theresa R II rose, Silva said, "We looked around everywhere for the cause. It must have been around the engine but water was coming in too fast."
The men said they put on safety suits, puffy astronaut-like garb that keeps the body warm. When the Atlanta sank, the fishermen did not have time to don the suits and three of the crewmen died of hypothermia before a rescue boat arrived, Silva said.
Flavio Bollarinho, 32, was also on the Atlanta when it sank, and found himself in the same situation on Friday. "After last time with the Atlanta, I knew what to do," he said. "I took control of the life raft. I organized the seven guys and got them to sit perfectly in the boat."
But with thousands of pounds of raw scallops and fish from the boat in the water, Bollarinho said, the sharks came, encircling their raft. But the Harvester came quickly, hauling them to safety.
The Coast Guard dropped them off in Boston on Sunday, and yesterday they were home in New Bedford recounting their second escape from a sinking ship.
"I was having nightmares that I was in that water," said Bollarinho. "Last night, I was screaming and the landlord had to come wake me up. I'm still messed up."
Silva said he is mystified by the sinking. "You can't blame it on the ocean. It was the boat," he said.
Silva, the son of a fisherman, said he has been fishing since he was 6 years old. But after two close calls, he vowed early in the interview never to return to sea. But then he reconsidered.
"To face your fear you have to get back. We all have to work and I will eventually get back to sea," said Silva. "I still love the ocean."■
© Copyright 2005 Globe Newspaper Company.

EXHIBIT B

# HOLBROOK & MURPHY

ATTORNEYS AT LAW
PROCTORS IN ADMIRALTY

150 FEDERAL STREET
TWELFTH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 428-1151                                    FACSIMILE (617) 443-1696

## FAX TRANSMITTAL SHEET

To:     Thomas J. Hunt, Esq.              Fax no.: 1 508 984 0755

cc:     Charles M. Sabatt, Esq.           Fax no.: 1 508 790 4778

cc:     David Ansel, Esq.                 Fax no.: 1 617 523 0185

From:   Brad Gandrup, Jr.                 Date: September 28, 2005

No. of Pages (incl. cover):   1

**Re: North American Specialty Insurance Company v. J & K Fishing Corp.
U.S.D.C. Civil Action No.: 05 Civ. 10336 (RWZ)**

Dear Tom:

I am writing to confirm that we have agreed to proceed with the depositions of ATLANTA crewmembers I had previously subpoenaed, E. Silva and F. Bolairinho, on Thursday, November 3, 2005. I will revert with the location next week. I would like to commence with Mr. Silva at 10:00, and Mr. Bolairinho at say 2:00. I am hopeful that I will be able to complete both depositions in one day. I must, however, reserve the right to recall Mr. Bolairinho at a mutually convenient later date, should that not prove possible.

I also mentioned to you that we intend to subpoena naval architect Peter Fritz and the vessel's builder for deposition in Louisiana. Though we had intended to do that in New Orleans, obviously that will no longer be possible. I have explored the possibility of proceeding with the depositions in Thibodaux, Louisiana, where the witnesses are actually located, and have learned that for the foreseeable future that too may be a practical impossibility. I will continue to investigate.

Thanks and regards,

Brad Gandrup, Jr.

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US VIA U.S. MAIL. THANK YOU.

EXHIBIT C