UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NORTH AMERICAN SPECIALTY ) INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 05-10336 (RWZ) |
| ) | |
| v. ) | |
| ) | |
| J & K FISHING CORP., ) | |
| ) | |
| ` Defendant, ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 8(d) THAT CERTAIN ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT TO BE DEEMED ADMITTED AND UNDER RULES 9(h) AND 38(e) TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL

Plaintiff, North American Specialty Insurance Company ("plaintiff"), submits this

Memorandum of Law in Support of Plaintiff's Motion under Fed. R. Civ. P. 8(d) that Certain

Allegations in Plaintiff's Amended Complaint to be Deemed Admitted and under Rules 9(h) and

38(e) to Strike Defendant's Demand for Jury Trial.

## PROCEDURAL BACKGROUND RELATING TO THE MOTION

This matter concerns the capsize and sinking of the F/V ATLANTA on December 13,

2003. The F/V ATLANTA was owned by defendant, J & K Fishing Corp. ("defendant").

Plaintiff provided defendant with hull and machinery, breach of warranty and various other types

of marine insurance, on certain warranties, terms and conditions, in respect of the F/V

ATLANTA. Plaintiff filed this declaratory judgment action asserting, *inter alia*, that defendant

had breached the implied warranty of seaworthiness, that defendant breached its duty of the

utmost good faith, and that defendant breached its duty to cooperate with plaintiff's investigation

of the ATLANTA casualty.

On June 22, 2005 plaintiff filed an Amended Complaint. Paragraph 5 of the Amended Complaint asserts (as did the original Compliant) that this case "is an admiralty and maritime action within the meaning of Fed. R. Civ. P. 9(h)." The Amended Complaint also asserts the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333. *Id.* at ¶ 4.

On July 11, 2005 defendant filed an Amended Answer. Paragraphs 35, 37, 39, 41, 42, 43 and 44 of defendant's Amended Answer state that "[t]he Defendant can neither admit nor deny the allegations set forth within [the corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." Paragraphs 4, 5, 6 and 25 of defendant's Amended Answer do not admit, deny or deny for lack of information the corresponding paragraphs of the Amended Complaint, but state that "[t]he Defendant can neither admit nor deny the allegations set forth within [the corresponding paragraph] of the Amended Complaint as the same are conclusions of law and are not allegations of fact." Similarly, Amended Answer paragraphs 46, 47, 48, 50, 51, 52, 53, 61, 62 and 63 also do not admit, deny or deny for lack of information the corresponding paragraphs of the Amended Complaint, but state that "[t]his is a conclusion of law as opposed to an allegation of fact and as a result defendant is not required to answer."[1]

The Amended Answer asserts two counterclaims, one alleging violation of M.G.L. c. 176D and one alleging a breach of the implied covenant of good faith and fair dealing. *See* Amended Answer at pp. 8-9. The Amended Answer makes no allegation as to the basis for subject matter jurisdiction in connection with these two counterclaims and thus implicitly concedes this Court's admiralty jurisdiction over defendant's counterclaims. The Amended Answer also purports to demand a "jury trial on all issues so triable." *Id.* at p. 10.

On July 15, 2005, undersigned counsel wrote to defendant's counsel indicating that the

---

[1] Amended Answer paragraphs 85, 87, 88 and 89 contain the same statement that "[t]his is a conclusion of law as opposed to an allegation of fact and as a result defendant is not required to answer" but also state a denial.

2

above-referenced Amended Answer paragraphs were improper under Fed. R. Civ. P. 8(b), and
that defendant's demand for jury trial was also improper. (A copy of this letter is attached as
Exhibit A). The letter cited case law for both propositions and requested that defendant rectify
these problems. The letter also referred to LR 7.1(A)(2) concerning conference by counsel in a
prior to filing of motions. Defendant thereafter refused to alter its responses in the above-
referenced Amended Answer paragraphs and refused to withdraw its demand for jury trial.

## ARGUMENT

## I.     CERTAIN PARAGRAPHS IN PLAINTIFF'S AMENDED COMPLAINT MUST
       BE DEEMED ADMITTED UNDER FED. R. CIV. P. 8(d).

Defendant's Amended Answer responded to Amended Complaint Paragraphs 35, 37, 39,
41, 42, 43 and 44 with the statement that "[t]he Defendant can neither admit nor deny the
allegations set forth within [the corresponding paragraph] of the Amended Complaint and calls
upon the Plaintiff to prove the same." This Court has held such an averment in an answer is
insufficient under Rule 8(b) and has deemed the corresponding allegation in a complaint to be
admitted. In *Westfield High School L.I.F.E. Club v. City of Westfield*, 249 F. Supp.2d 98 (D.
Mass. 2003), the defendants answered certain of the allegations in the plaintiff's complaint by
stating that they "neither admit nor deny the allegations . . . but call upon the Plaintiffs to prove
the same." This Court stated that "[s]uch averments are impermissible under the rules of
responsive pleading." *Id.* at 102, n. 4 *citing* Fed. R. Civ. P. 8(b) (a party shall "admit or deny" or
state that the party is "without knowledge or information sufficient to form a belief as the truth of
an averment"). This Court then stated: "[t]hus, the Court will treat the defendants' failures to
deny the plaintiffs' averments as admissions." *Id. citing* Fed. R. Civ. P. 8(d).

Similarly, in *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180
F.R.D. 332, 1998 U.S. Dist. LEXIS 9008 (N.D. Ill. 1998), the defendants responded to certain

allegations by stating that they "[n]either admit nor deny the allegations of said Paragraph --, but demand strict proof thereof." 180 F.R.D. at 333. The Northern District of Illinois first described Rule 8(b) as a "crystal-clear directive." The court then stated that the defendant's demand for proof was "unacceptable" and a "particularly vexatious violation of that most fundamental aspect of federal pleading." *Id.* The court held that all allegations in the complaint to which the defendant had so responded were deemed admitted.

For the reasons set forth in *Westfield High School* and *King Vision*, defendant's Amended Answer paragraphs 35, 37, 39, 41, 42, 43 and 44 are improper as contrary to Rule 8(b) and the corresponding paragraphs of plaintiff's Amended Complaint must be deemed admitted under Rule 8(d).

Defendant's Amended Answer also responds improperly to Amended Complaint paragraphs 4, 5, 6 25, 46, 47, 48, 50, 51, 52, 53, 61, 62 and 63 by stating that the corresponding allegations constitute conclusions of law and refusing to either admit, deny or deny them for lack of information. A defendant cannot refuse to answer an allegation on the grounds that it states a conclusion of law but must instead respond to the allegation using one of the three answering averments permitted under Rule 8(b). "[L]egal conclusions are an integral part of the federal notice pleading regime." *State Farm Mutual Insurance Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Further, "[n]owhere in Rule 8(b) or elsewhere in the Rules is a pleader granted license to decline responding on the basis that a plaintiff's allegations 'constitute conclusions of law.'" *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Aramark Services, Inc.,* 1999 U.S. Dist LEXIS 17375 at *2 (N.D. Ill. 1999).

Defendant was specifically advised on July 15, 2005, four days after its Amended Answer was filed, that the Amended Answer contained improper averments, and was directed to

the above cases. *See* Exh. A. Defendant, however, has done nothing to correct these problems. Defendant therefore should not now be heard to protest that the above allegations from plaintiff's Amended Complaint must be deemed admitted pursuant to Rule 8(d).

## II.   DEFENDANT IS NOT ENTITLED TO JURY TRIAL ON ITS COUNTERCLAIMS OR OTHERWISE.

Plaintiff's Amended Complaint stated that case "is an admiralty and maritime action within the meaning of Fed. R. Civ. P. 9(h)" and asserted subject matter jurisdiction under 28 U.S.C. §1333, the Court's admiralty jurisdiction.[2] Amended Complaint at ¶¶ 4 & 5. Rule 9(h) provides that "[a] pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." Rule 38(e) states that "these rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

The First Circuit has held that "maritime jurisdiction over a suit involving a marine insurance policy is unquestionable." *Windsor Mount Joy Mut. Ins. Co. v. Giragosian*, 57 F.3d 50, 54 (1st Cir. 1995). The First Circuit has also held that "there is no right to a jury trial in admiralty." *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 470 (1st Cir. 1985).

This entire case concerns a marine insurance policy and thus plaintiff's claims concerning the policy and defendant's counterclaims concerning the policy sound in admiralty. In this case, "the claims and counterclaims are based on the same marine insurance policy and arise from a common set of facts" and thus jury trial on defendant J & K Fishing Corp.'s counterclaims is

---

[2] Though Amended Complaint paragraph 4 also asserts subject matter jurisdiction under 28 U.S.C. § 1332, "[w]here a claim is made in accordance with Rule 9(h), the existence of diversity as an alternative basis of jurisdiction will not entitle plaintiff to a jury trial." *Royal Ins. Co. of America v. Hansen*, 125 F.R.D. 5, 10 (D. Mass. 1988) *citing Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1253 (5th Cir. 1975).

precluded. *ING Groep, NV v. Stegall*, 2004 U.S. Dist. LEXIS 27379 *12, 2004 A.M.C. 2992 (D. Colo. 2004).

This Court has held that jury trial is precluded in such circumstances. *Reliance National Insurance Company (Europe) Ltd. v. Hanover*, 246 F. Supp.2d 126 (D. Mass. 2003); *see also Royal Ins. Co. of America v. Hansen*, 125 F.R.D. 5, 9 (D. Mass. 1988). *Reliance National* involved a declaratory judgment action by a plaintiff marine insurer of a vessel which sank, and counterclaims by the defendant, the assured vessel owner, for breach of contract,[3] promissory estoppel and "bad faith" on which defendant asserted a right to jury trial. *Id*. at 127. In *Reliance Insurance*, Judge Stearns "struck defendants' claim to a jury trial, a decision reaffirmed in a ruling on August 14, 2002." *Id*. at n. 2.[4] (A copy of the Court's Memorandum and Order on Plaintiff's Motion for Reconsideration dated August 14, 2002 is attached as Exh. B). The court "reasoned that while a jury right can coexist with an admiralty claim where the parties' claims are sufficiently distinct so as to permit each to prevail without compromising the other's right to recovery, that was not the case here where the competing claims virtually mirror one another." 246 F. Supp.2d at 127, n. 2. In its August 14, 2002 Memorandum and Order, the Court had observed that "[w]here, as is the case here, the parties' claims are effectively mirrored, the risk of inconsistent verdicts is very real. For that reason, [plaintiff marine insurer] Reliance's admiralty claim trump[ed] defendants' request for a jury trial." Exh. B at p. 2 *citing Jefferson Insurance Co. of New York v. Maine Offshore Boats, Inc.*, 2001 WL 484040 (D. Me. 2001).

This Court earlier reached the same result in *Royal Insurance Company of America v. Hansen*, 125 F.R.D. 5 (D. Mass. 1988). Royal Insurance also involved a declaratory judgment

---

[3] In this case, there has been no counterclaim by defendant J & K Fishing Corp. for breach of the insurance contract.
[4] Though Judge Stearns appeared to reach a contrary view as to the jury trial issue in an earlier decision in the same case, *Reliance National Insurance Company (Europe) Ltd. v. Hanover*, 222 F. Supp.2d 110, 116, n. 12 (D. Mass. July 22, 2002), the Court apparently reconsidered that earlier view. 246 F. Supp.2d at 127, n.2 and Memorandum and Order dated August 14, 2002, attached as Exh. B.

action by a plaintiff marine insurer and counterclaims for breach of the marine insurance contract, and under M.G.L. c. 93A §2(a) and 176D § 2.[5] There, Magistrate Judge Collings held that as the counterclaims were "intertwined with the main action," plaintiff's Rule 9(h) designation precluded a jury trial. The court also mentioned "a trend among court throughout the country" so holding. *Id.* at 8.

As evidenced by Judge Stearns' 2002 decision in *Reliance National*, 246 F. Supp.2d at 127, n.2, the trend noted in *Royal Insurance* has continued. Most recently, in 2004, the District of Colorado followed suit in *ING Groep, NV v. Stegall*, 2004 U.S. Dist. LEXIS 27239, 2004 A.M.C. 2992 (D. Colo. 2004). *ING* was another case closely similar to this case: a declaratory judgment action by a plaintiff marine insurer with counterclaims asserted by the defendant assured demanding a jury trial. The *ING* court noted that a majority of courts to consider the issue have held that where a plaintiff designates its claim as an admiralty and maritime within the meaning of Rule 9(h), "the plaintiff's Rule 9(h) election to proceed under admiralty law governs the entire proceeding and precludes the defendant's right to jury trial which otherwise may exist." *Id.* at *7 citing (in the order set forth by the *ING* court) *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986-88 (5th Cir. 1978); *Royal Ins. Co. of America v. Hansen*, 125 F.R.D. 5, 9 (D.Mass. 1988); *Norwalk Cove Marina, Inc. v. S/V Odysseus*, 100 F. Supp.2d 113, 114 (D.Conn. 2000); *Windsor Mount Joy Mutual Ins. Co. v. Johnson*, 264 F. Supp.2d 158, 162 (D.N.J. 2003); *In re Complaint of Armatur, S.A.*, 710 F. Supp. 404, 405 n.4 (D.P.R. 1989); *St. Paul Fire & Marine Ins. Co. v. Holiday Fair*, 1996 U.S. Dist. LEXIS 3931, 1996 WL 148350 at *2 (S.D.N.Y. 1996); *Jefferson Ins. Co. v. Me. Offshore Boats, Inc.*, 2001 U.S. Dist. LEXIS 20718, 2001 WL 484040 at *2 (D. Maine 2001); *Underwriters Subscribing to*

---

[5] In this case, there is no counterclaim asserted under M.G.L. c. 93A.

*Certif. of Ins. No. 98B1/800 v. On the Loose Travel, Inc.*, 1999 WL 694212 at \*1 (S.D.Fla. 1999).

The *ING* court observed that, in these cases, the "courts reason[ed] that allowing the defendant to defeat the plaintiff's right to designate the action as an admiralty case by demanding a jury trial would undermine the purposes of Rule 9(h)." 2004 U.S. Dist. LEXIS 27239 at \*8. Though the *ING* court also observed that other courts had reached a contrary conclusion,[6] the *ING* court elected to adopt the majority view, and held that defendant had no right to jury trial. The court reasoned that "resolution of the plaintiff's claims and the defendant's counterclaim(s) hinges on the determination of ING's obligations, if any, with regard to the marine insurance contract in question." 2004 U.S. Dist. LEXIS 27239 at \*9.

The Southern District of New York also adopted the majority view in 2004. *Royal Insurance Company of America v. Deep Sea International*, 2004 U.S. Dist. LEXIS 5948 (S.D.N.Y. 2004). *Deep Sea International*, again, like this case, involved a declaratory judgment action by a plaintiff marine insurer subsequent to a vessel sinking in which the defendant, the assured vessel owner, asserted counterclaims for, among other things, alleged bad faith claims handling practices and violation of the implied covenant of good faith and fair dealing. *Id.* at \*1-2 & 8-9. The court noted that the defendant assured's counterclaims were merely the "flip side" of the plaintiff insurer's declaratory judgment claims. *Id.* at \*34. After surveying the applicable case law and secondary authority at some length, *id.* at \*29-35, the court held that: "[h]aving chosen to forego a jury with respect to its claims, [plaintiff insurer] should not be required to present its proof to a jury simply because [defendant assured], in addition to

---

[6] Among the decisions cited was Judge Stearns' initial decision in *Reliance National*, 222 F. Supp.2d at 116, n.12 which, as noted above, appears to have been reconsidered as Judge Stearns later "struck defendants' claim to a jury trial ..." 246 F. Supp.2d at 127, n.2, and stated that plaintiff insurer "Reliance's admiralty claim trumps defendants' request for jury trial." Exh. B at 2.

8

answering [plaintiff insurer's] claims, chose to recast its denials as counterclaims. Instead, consistent with the majority rule, [defendant assured's] jury demand should be stricken." *Id.*

Plaintiff respectfully submits that, under this Court's decisions in *Reliance National Insurance Company (Europe) Ltd. v. Hanover*, 246 F. Supp.2d 126, 127 n. 2 (D. Mass. 2003) and *Royal Ins. Co. of America v. Hansen*, 125 F.R.D. 5 (D. Mass. 1988), and consistent with the growing majority rule, defendant's jury demand must be stricken.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion should be granted in all respects.

## REQUEST FOR ORAL ARGUMENT

Plaintiff believes that oral argument may assist the Court in connection with this Motion and wishes to be heard, and consequently, pursuant to LR 7.1(4)(D), hereby requests oral argument.

Dated: January 27, 2006                    Respectfully submitted,

                                           NORTH AMERICAN SPECIALTY
                                           INSURANCE COMPANY

                                           By its Attorneys,

                                           Bradley F. Gandrup, Jr. (BBO No. 549794)
                                           Holbrook & Murphy
                                           15 Broad Street, Suite 900
                                           Boston, MA 02109
                                           Tel.: (617) 428-1151
                                           Email: bgandrup@aol.com

## LR 7.1(A)(2) CERTIFICATION

Pursuant to the LR 7.1(A)(2), undersigned counsel certifies that he conferred with

counsel for defendant, J & K Fishing Corp., in connection with the issues raised in this motion

but was been unable to resolve or narrow the issues.

Bradley F. Gandrup, Jr. (BBO No. 549794)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by hand delivery on

David Ansel, Esq., Ansel & Associates, 66 Long Wharf, Boston, MA 02110, and by mail on

Charles M. Sabatt, Esq., Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C., 25 Mid Tech Drive,

West Yarmouth, MA 02673 on January 27, 2006.

Bradley F. Gandrup, Jr. (BBO No. 549794)

# HOLBROOK & MURPHY

ATTORNEYS AT LAW
PROCTORS IN ADMIRALTY

150 FEDERAL STREET
12TH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617)-428-1151
FACSIMILE: (617) 443-1696

E-MAIL:
holbrook_murphy@msn.com

July 15, 2005

## BY FAX & MAIL

Charles M. Sabatt, Esq.
Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C.
25 Mid-Tech Dr.
W. Yarmouth, MA 02673

### Re: North American Specialty Insurance Company v. J & K Fishing Corp.
### U.S.D.C. Civil Action No.: 05 Civ. 10336 (RWZ)

Dear Chuck:

I have reviewed your answer to the amended complaint and note three problems. I am writing pursuant to LR 7.1(A)(2).

First, answer paragraphs 35, 37, 39, 41, 42, 43 and 44 all state that "[t]he Defendant can neither admit nor deny the allegations set forth within [the corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." These responses are improper under Fed. R. Civ. P. 8(b). In *Westfield High School L.I.F.E. Club v. City of Westfield*, 249 F.Supp.2d 98 (D. Mass. 2003), the defendants answered certain allegations in a similar manner, stating that they "neither admit nor deny the allegations . . . but call upon the Plaintiffs to prove the same." The Court stated that "[s]uch averments are impermissible under the rules of responsive pleading." *Id.* at 102, n. 4 citing Fed. R. Civ. P. 8(b) (a party shall "admit or deny" or state that the party is "without knowledge or information sufficient to form a belief as the truth of an averment"). The Court then treated the defendants' failures to deny the plaintiffs' averments as admissions under Rule 8(d). *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 1998 U.S. Dist. LEXIS 9008 (N.D. Ill. 1998) and other cases are to the same effect.

Secondly, answer paragraphs 4, 5, 6 25, 46, 47, 48, 50, 51, 52, 53, 61, 62 and 63 state that "[t]his is a conclusion of law as opposed to an allegation of fact and as a result defendant is not required to answer." It is incorrect to aver that defendant is not required to answer: "legal conclusions are an integral part of the federal notice pleading regime." *State Farm Mutual*

1

EXHIBIT A

*Insurance Co. v. Riley,* 199 F.R.D. 276 (N.D. Ill. 2001). "Nowhere in Rule 8(b) or elsewhere in the Rules is a pleader granted license to decline responding on the basis that a plaintiff's allegations 'constitute conclusions of law.'" *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Aramark Services, Inc.,* 1999 U.S. Dist LEXIS 17375 (N.D. Ill. 1999).

Thirdly and finally, I note that you purport to demand a jury trial in connection with your counterclaims. Though we are quite confident that we will be able to demonstrate that defendant's counterclaims are factually and legally baseless, and intend to do so by motion in due course, we nonetheless submit that there is no right to a jury trial in connection with them. *Jefferson Insurance Co. of NY v. Maine Offshore Boats, Inc.,* 2001 A.M.C. 2171, 2001 U.S. Dist. LEXIS 5975 (D. Me. 2001); *Royal Insurance Co. of America v. Deep Sea International,* 2004 U.S. Dist. LEXIS 5948 (S.D.N.Y. 2004); *ING Groep, Inc. v. Stegall,* 2004 A.M.C. 2992, 2004 U.S. Dist. LEXIS 27379 (D. Colo. 2004).

Please let me know by July 22 whether defendant will voluntarily correct these problems or whether a motion will be necessary

Very truly yours,

Brad Gandrup, Jr.

cc:    David Ansel, Esq.

2

TRANSMISSION VERIFICATION REPORT

TIME : 07/15/2005 09:20

```
DATE.TIME          07/15 09:19
FAX NO./NAME        15087904776
DURATION           00:01:18
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```

Fax ran out of paper but this also
went through to Anosol's fax no. 617 523 0185.
Machine just didn't print conf. sheet.

BFG 7/15/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER 00-11202-RGS

RELIANCE NATIONAL INSURANCE
COMPANY (EUROPE) LTD.

v.

ALAIN HANOVER and
DANIEL HANOVER

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTIONS FOR RECONSIDERATION

August 14, 2002

STEARNS, D.J.,

Plaintiff Reliance National Insurance Company (Europe) Ltd. (Reliance) brought this defensive declaratory action after denying the Hanovers marine insurance coverage attendant to the sinking of the yacht STIARNA. On July 22, 2002, the court denied the parties' cross-motions for summary judgment. Reliance, in a well argued brief, urges reconsideration of the denial of its motion for summary judgment. Reliance also objects to any deviation by the court from its previous decision to strike defendants' request for a jury trial on their counterclaim. As to the jury matter, the court has not reversed itself, the impressions of the parties notwithstanding. The reference to Knight v. U.S. Fire Insurance Co., 804 F.2d 9, 14 (2d Cir. 1986), was intended to impress the point that, even under the doctrine of *uberrimae fidei*, the materiality of a nondisclosure is *ordinarily* a factual issue precluding brevis disposition, which is why the court, in the circumstances of *this* case, will not reconsider its denial of Reliance's motion for summary judgment. The two additionally relevant cases cited, Concordia Co., Inc. v. Panek, 115 F.3d 67 (1st Cir. 1997), and Koch



EXHIBIT B

Fuels v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F.2d 1038, 1041-1042 (8th Cir. 1983),

make the point that a jury right can coexist with an admiralty claim if the parties' claims are

sufficiently distinct so as to permit each to prevail without compromising the other's right

to a recovery. Where, as is the case here, the parties' claims are effectively mirrored, the

risk of inconsistent verdicts is very real. For that reason, Reliance's admiralty claim trumps

defendants' request for a jury trial. See Jefferson Insurance Co. of New York v. Maine

Offshore Boats, Inc., 2001 WL 484040 (D.Me. May 7, 2001).

## ORDER

For the foregoing reasons, Reliance's motion for reconsideration is DENIED.

SO ORDERED.

UNITED STATES DISTRICT JUDGE

2