UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
NORTH AMERICAN SPECIALTY            )
INSURANCE COMPANY,                  )
                                    )
    Plaintiff                       )   Civil Action No. 05 CV 10336 (RWZ)
                                    )
v.                                  )
                                    )
J & K FISHING CORP.,                )
                                    )
    Defendant                       )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 8(D) THAT CERTAIN ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT BE DEEMED ADMITTED AND UNDER RULES 9(H) AND 38(E) TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL**

Defendant, J & K Fishing Corp., respectfully submits this Memorandum of Law in Support of Plaintiff's Motion under Fed. R. Civ. P. 8(d) that Certain Allegations in Plaintiff's Amended Complaint be Deemed Admitted and under Rules 9(h) and 38(e) to Strike Defendant's Demand for Jury Trial.

LAW

A.    Admission of Averments in Complaint

Fed. R. Civ. P. 8 provides as follows:

(b) Defenses; Form of Denials. A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

1

(d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

(f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice.

B.   Right to Jury Trial

While, as a matter of historical practice, Federal courts did not provide jury trials for admiralty claims, nothing in the United States Constitution, Federal statutes, or Rules of Federal Procedure "forbid[s] jury trials in maritime cases." Fitzgerald v. United States Lines Co., 374 U.S. 16, 20 (1963).  In fact, it has long been recognized that various forms of "admiralty" claims may be tried to a jury if the Federal court's jurisdiction has been invoked on the basis of diversity of citizenship.  See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 359-360 & n.2 (1962) (pursuant to §1333[1], admiralty claims in personam may be brought "in an ordinary civil action," and when brought in Federal court by reason of diversity of citizenship, parties have right to trial by jury;.; Ghotra v. Bandila Shipping, Inc, 113 F.3d 1050, 1054 (9th Cir. 1997), cert. denied, 522 U.S. 1107 (1998); Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1065-1066 (5th Cir.), cert. denied, 454 U.S. 972 (1981) (same).

ARGUMENT

1.   This Honorable Court Should Deny Plaintiff's Motion that Certain Allegations in its Complaint be Deemed Admitted under Fed. R. Civ. P. 8(d) because Defendant's failure to specifically admit or deny them was clearly predicated upon a lack of information as to either the facts alleged or the facts underlying the alleged conclusion of law and hence should be deemed denials pursuant to Fed. R. Civ. P. 8(b), (f).

Paragraphs 35, 37, 39, 41, 42, 43 and 44 of Plaintiff's Amended Complaint all contain allegations as to the specific facts surrounding the sinking of the F/V Atlanta, such as the exact timing of the incident, the weather conditions, the weight of the dredges and the sequence of events. Defendant had incomplete knowledge as to the truth of these facts as of the deadline for its response to Plaintiff's Complaint. Consequently, in responding to these purely factual allegations, Defendant stated by way of answer that it could "neither admit nor deny the allegations set forth within the [corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." Clearly these responses were the equivalent of, and should have been construed to include the specific language "lacks sufficient information to either admit or deny" and thus be deemed denials pursuant to Fed. R. Civ. P. 8(b).

Paragraphs 4 and 5 of Plaintiff's Complaint contain allegations of federal question jurisdiction and admiralty jurisdiction, respectively. Defendant had incomplete knowledge as to the viable bases for federal court jurisdiction and the legal ramifications involved in conceding various jurisdictional grounds as of the deadline for its response to Plaintiff's Complaint. Consequently, in responding to these jurisdictional allegations, Defendant stated by way of answer that it could "neither admit nor deny the allegations set forth within the [corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." Clearly these responses were the equivalent of, and should have been construed to include the specific language "lacks sufficient information to either admit or deny" and thus be deemed denials pursuant to Fed. R. Civ. P. 8(b).

Paragraph 6 of Plaintiff's Amended Complaint contains a request for a speedy hearing pursuant to Fed. R. Civ. P. 57, and hence does not require a response by the Defendant.

Paragraph 25 of Plaintiff's Amended Complaint contains an allegation as to the types of marine coverage provided to the Defendant by the Plaintiff's policy, including their terms and conditions, express and implied warranties.  Defendant had incomplete knowledge as to the specific terms of the policy provided to it by the Plaintiff as of the deadline for its response to Plaintiff's Complaint, nor had it fully examined the multitude of case law interpreting the nature and extent of coverage provided by similar insurance policies.  Consequently, in responding to these legally complex allegations, Defendant stated by way of answer that it could "neither admit nor deny the allegations set forth within the [corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same."  Clearly these responses were the equivalent of, and should have been construed to include the specific language "lacks sufficient information to either admit or deny" and thus be deemed denials pursuant to Fed. R. Civ. P. 8(b).

Paragraphs 46, 47, 48, 52, 51, 52 and 53 of Plaintiff's Amended Complaint contain general conclusions of maritime law as to the seaworthiness of vessels and implied warranties of seaworthiness, all of which are factually dependent.  Defendant had incomplete knowledge as to facts and holdings set forth by the numerous cases cited by Plaintiff in these allegations, not to mention incomplete knowledge as to the facts of the subject case and how the case law cited by the Plaintiff would apply to them as of the deadline for its response to Plaintiff's Complaint.  Consequently, in responding to these purely factual allegations, Defendant stated by way of answer that it could

4

"neither admit nor deny the allegations set forth within the [corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." Clearly these responses were the equivalent of, and should have been construed to include the specific language "lacks sufficient information to either admit or deny" and thus be deemed denials pursuant to Fed. R. Civ. P. 8(b).

Paragraphs 61, 62 and 63 of Plaintiff's Amended Complaint contain general conclusions of maritime law as to the duties imposed by the doctrine of *uberrimae fidei*. Defendant had incomplete knowledge as to facts and holdings set forth by the numerous cases cited by Plaintiff in these allegations, not to mention incomplete knowledge as to the facts of the subject case and how the case law cited by the Plaintiff would apply to them as of the deadline for its response to Plaintiff's Complaint. Consequently, in responding to these purely factual allegations, Defendant stated by way of answer that it could "neither admit nor deny the allegations set forth within the [corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." Clearly these responses were the equivalent of, and should have been construed to include the specific language "lacks sufficient information to either admit or deny" and thus be deemed denials pursuant to Fed. R. Civ. P. 8(b).

Defendant should not be punished by its failure to include the specific language "lacks sufficient information to either admit or deny" in response to the various allegations contained in Plaintiff's Amended Complaint where this was clearly intended and implied by the responses given, and where Defendant could have simply proffered blanket denials of all of the averments. To do so would fly in the face of Fed. R. Civ. P. 8(f), which requires that all pleadings be construed "as to do substantial justice"

5

2. <u>This Honorable Court Should Deny Plaintiff's Motion to Strike Defendant's Demand for Jury Trial because Plaintiff failed to properly designate the case as an admiralty and maritime action.</u>

The cases cited by Plaintiff in support of its motion to strike Defendant's demand for jury trial, <u>Reliance National Insurance Company Ltd. v. Hanover</u>, 246 F. Supp.2d, 126 (2003) and Royal Insurance Company of America v. Hansen, 125 F.R.D. 5 (1988), are distinguishable in that, in those cases, jurisdiction was grounded purely on admiralty law.  However, in the instant case, Plaintiff has alleged Federal jurisdiction based on both diversity and jurisdictional amount (par. 4 of Amended Complaint) as well as on the admiralty and maritime nature of the claim (par. 5 of Amended Complaint).  Thus, Plaintiff has not clearly designated its action as an Admiralty and Maritime Claim pursuant to Fed. R. Civ. P. 9(h), and has left the door open to claim a trial by jury on its claims.  But see <u>Romero v. Bethlehem Steel Corporation</u>, 515 F.2d 1249 (5 Cir., 1975). As Plaintiff has not made a clear election as to whether it intends to forego a jury trial in this matter, Defendant should not be deprived of its Constitutional right to a jury trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion to have Certain Allegations of its Amended Complaint Deemed Admitted and to Strike Defendant's Demand for Jury Trial.  In the alternative, Defendant requests this Honorable Court to allow it to file an Amended Answer to Plaintiff's Amended Complaint.

<u>REQUEST FOR ORAL ARGUMENT</u>

Defendant believes that oral argument may assist the Court in connection with this opposition and wishes to be heard.  Consequent, pursuant to LR 7.1(4)(D), Defendant requests oral argument.

6

Respectfully submitted,
J&K Fishing Corp., Defendant
By Its Attorneys,

*Charles M. Sabatt*

_____
Charles M. Sabatt
BBO#436740
25 Mid Tech Drive
West Yarmouth, MA 02673
(508) 775-3433

*David J. Ansel*

_____
David J. Ansel, Esquire
David J. Ansel & Associates
BBO#019900
66 Long Wharf
Boston, MA 02110
(617) 367-0200

Dated:  February 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I served a true copy of the foregoing document by mail upon Bradley F. Gandrup, Jr., Holbrook & Murphy, 15 Broad Street, Suite 900, Boston, MA 02109

*Charles M. Sabatt*

_____
Charles M. Sabatt