UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY )
INSURANCE COMPANY, )
                                 )
        Plaintiff, )       CIVIL ACTION NO. 05-10336 (RWZ)
                                 )
v. )
                                 )
J & K FISHING CORP., )
                                 )
        Defendant, )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO ALLOW FILING OF AN AMENDED ANSWER**

        Plaintiff, North American Specialty Insurance Company ("plaintiff"), submits this Opposition to Defendant's Motion to Allow Filing of an Amended Answer.

**PROCEDURAL BACKGROUND**

        Plaintiff filed its original Complaint in this case on February 18, 2005, which defendant answered on April 1, 2005. Plaintiff filed an Amended Complaint on June 22, 2005, as authorized by both defendant's written consent and leave granted by the Court at the scheduling conference held on June 16, 2005. Defendant filed its Amended Answer on July 11, 2005.

        On July 15, 2005, four days after defendant filed its Amended Answer, plaintiff's counsel wrote to defendant's counsel indicating that numerous specific paragraphs of defendant's Amended Answer were improper under Fed. R. Civ. P. 8(b), and that defendant's demand for jury trial was also improper. (A copy of this letter is attached as Exhibit A). The letter cited case law for both propositions. The letter suggested that defendant rectify these problems voluntarily, thus offering implicitly to consent in writing to defendant's filing a Second Amended Answer. The letter also indicated that if defendant did not act voluntarily plaintiff would make an

appropriate motion.

A Local Rule 7.1(A)(2) conference was subsequently held. Defendant, however, refused to alter its Amended Answer and refused to withdraw its demand for jury trial. On January 27, 2006, plaintiff filed a Motion under Fed. R. Civ. P. 8(d) that certain allegations in plaintiff's Amended Complaint be deemed admitted, and under Rules 9(h) and 38(e) to strike defendant's demand for jury trial.

Factual discovery in this case closed on February 1, 2006.

On February 13, 2006, defendant filed an assented to motion seeking until February 17, 2006 to oppose plaintiff's motion, which the court granted on February 15, 2006. On February 21, 2006 defendant filed: 1) Defendant's Opposition to plaintiff's Motion under Rules 8(d), 9(h) and 38(e), 2) a Memorandum of Law in Support of Defendant's Opposition,[1] and 3) Defendant's Motion to Allow Filing of an Amended Answer.

Defendant's Motion to Allow Filing of an Amended Answer (actually, to allow filing of a second amended answer), contains no citation to authority. It does not attach a proposed Second Amended Answer. It also does not articulate precisely how defendant wishes to amend its first Amended Answer, whether by altering its averments in response to plaintiff's Amended

---

[1] Defendant's Memorandum of Law in Support of its Opposition to Plaintiff's Motion under Rules 8(d), 9(h) and 38(e) states at p. 7 that: "Defendant should not be punished by its failure to include the specific language 'lacks sufficient information to either admit or deny' in response to the various allegations contained in Plaintiff's Amended Complaint where this was clearly intended and implied by the responses given where defendant could have simply proffered blanket denials of all the averments." There are at least three problems with this assertion. First, defendant's responses were not in conformity with Rule 8(b) and were actually refusals to respond. Second, defendant's protest rings hollow in light of the fact that plaintiff specifically alerted defendant to its failure to comply with Rule 8(b) and the consequences of that failure under Rule 8(d) four days after defendant served its Amended Answer, and offered to allow defendant to correct the problem, but defendant refused to do so. Third, defendant could not have "simply proffered blanket denials of all the averments" within the strictures of Rule 11. As to plaintiff's motion to strike defendant's demand for jury trial, defendant's Memorandum of Law in Support of its Opposition (at p. 8) ignores the fact that plaintiff specifically, in both its Complaint and its Amended Complaint, designated "[t]his action as an admiralty and maritime action within the meaning of Rule 9(h)." Complaint & Amended Complaint at ¶ 5. Defendant also ignores the holding of this Court and other courts that "[w]here a claim is made in accordance with Rule 9(h), the existence of diversity as an alternative basis of jurisdiction will not entitle plaintiff to a jury trial." *Royal Ins. Co. of America v. Hansen*, 125 F.R.D. 5, 10 (D. Mass. 1988) *citing Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1253 (5th Cir. 1975).

Complaint, or also by altering defendant's affirmative defenses and/or counterclaims.

Plaintiff respectfully submits that, for the reasons set forth below, Defendant's Motion to Allow Filing of an Amended Answer must be denied.

### ARGUMENT

I.  **DEFENDANT'S MOTION IS UNTIMELY, DEFENDANT OFFERS NO LEGITIMATE JUSTIFICATION FOR ITS DELAY, AND ALLOWING DEFENDANT TO AGAIN AMEND ITS ANSWER WOULD SEVERELY PREJUDICE PLAINTIFF.**

Rule 8(b) of the Federal Rules of Civil Procedure provides a defendant answering the allegations in a complaint with three choices: it "shall admit or deny the averments upon which the adverse party relies" or "[i]f a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." (emphasis added).  Rule 8(d) provides, simply, that "[a]verments in a pleading to which a responsive pleading is required …are admitted when not denied in the responsive pleading." Defendant, J & K Fishing Corp., in connection with certain specified paragraphs of plaintiff's Amended Complaint, chose to ignore the dictates of Rule 8(b).  Defendant then refused to comply with the rule despite the fact that its non-compliance was specifically called to its attention four days after it filed its Amended Answer (*see* Exh. A), and in a subsequent Local Rule 7.1(A)(2) conference.  Instead, defendant chose to force plaintiff to make a motion which could have and should have been unnecessary.

Defendant now takes the untenable position of claiming that its Amended Answer was in fact appropriate, (*see* Defendant's Motion to Allow at ¶ 2), while simultaneously seeking leave to change it.  *Id*. at ¶¶ 3 & 4.  Though defendant does not attach a proposed further Amended Answer or otherwise specify precisely how it wishes to further amend its Answer, defendant claims that "[n]ow that discovery has nearly been completed the Defendant *may* be in a position

3

to admit or deny *some* of the allegations to which the Defendant was not previously able to admit or deny as the Defendant lacked sufficient knowledge or information." *Id*. at ¶ 3 (emphasis added). This statement is disingenuous. Rule 8(b) sets forth a specific requirement for a defendant answering a complaint who lacks knowledge or information – the defendant must simply say so. Defendant herein, in some of its responses, chose not to comply with that requirement and indeed refused to do so when its failure was promptly called to its attention.

This Court has observed that amendment under Rule 15(a) "need not be granted in the face of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Espinosa v. Sisters of Providence Health System*, 227 F.R.D. 24, 27 (D. Mass. 2005) *quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962). The First Circuit has stated that "[w]hile leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." *Quaker State Oil Refining Corp. v. Garrity Oil Company*, 884 F.2d 1510, 1517 (1st Cir. 1989).

Rule 15(a) "frowns upon undue delay in the amendment of pleadings, particularly if no legitimate justification is forthcoming." *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1178 n.1 (1st Cir. 1995) (citations omitted). Further, "[w]here . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay." *Acosta v. Hilton International of Puerto Rico, Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)(citations and quotations omitted). This Court has noted that: "[a]lthough Rule 15(a) does not prescribe a particular time limit for a motion to

amend, it is well established that such a motion 'should be made as soon as the necessity for altering the pleading becomes apparent.'" *Espinosa v. Sisters of Providence Health System*, 227 F.R.D. 24, 27 (D. Mass. 2005) *quoting* 6A Charles Alan Wright, et al., *Federal Practice & Procedure* §1488 (2003).

### A. **Defendant's Undue Delay**

Defendant herein has offered no valid reason whatever for its seven month delay in seeking leave to amend. Defendant suggests that now that discovery has nearly been completed it *might* be able to admit or deny *some* allegations as to which defendant allegedly earlier lacked knowledge or information. Defendant's Motion to Allow at ¶ 3. If defendant lacked knowledge or information as to certain allegations seven months ago it was required to say so in its Amended Answer filed on July 11, 2005, using the procedural vehicle provided by Rule 8(b). Defendant did not then state that it lacked knowledge or information but simply refused to admit or deny numerous allegations. Defendant also refused to admit, deny or deny for lack of sufficient knowledge or information other allegations on the purported grounds that they constituted "conclusions of law."[2] Moreover, despite warning by plaintiff, defendant flatly refused to correct the problem. If defendant's purported justification were to be credited, an intransigent defendant in a straightforward case could effectively refuse to answer a complaint until factual discovery was completed, thereby potentially unreasonably and unnecessarily prolonging the case.

Defendant certainly did not make its motion "as soon as the necessity of altering [its] pleading [became] apparent." *Espinosa v. Sisters of Providence Health System*, 227 F.R.D. 24,

---

[2] Two of the most significant of these allegations, Amended Complaint paragraphs 52 and 53, concern the maritime rule that when a vessel founders in calm seas, as did the F/V ATLANTA, it is presumed to be unseaworthy, *see Underwriters at Lloyd's v. Labarca*, 260 F.3d 3, 8 (1st Cir. 2001), which would dictate the important question as to which party has the burden of proof as to seaworthiness.

5

27 (D. Mass. 2005). The necessity became apparent four days after defendant filed its Amended Answer on July 11, 2005, when plaintiff pointed out, on July 15, 2005, paragraph by paragraph and with citation to authority, precisely why defendant's averments were improper. Defendant's utter failure to offer any legitimate justification for its delay is itself sufficient grounds for this Court to deny its Motion to Allow.

### B. Prejudice to Plaintiff

Contrary to defendant's facile assertion that "[t]here is no prejudice to the Plaintiff because the Defendant has no intention of denying facts to which it previously admitted", allowing defendant to further amend its Answer at this late date would cause abundant prejudice to plaintiff. Plaintiff filed a detailed Amended Complaint herein seeking to streamline and simplify this action for a declaratory judgment, so that it could be resolved as efficiently and expeditiously as possible. *See* Fed. R. Civ. P. 57. Plaintiff was entitled to straight answers to its detailed allegations within the terms of the Federal Rules of Civil Procedure. Defendant's improper July 11, 2005 Amended Answer forced plaintiff to the time and expense of pointing out on July 15, 2005 how plaintiff had failed to comply with Rule 8(b). Defendant's further refusal to thereafter voluntarily correct the problem forced plaintiff to seek discovery on matters defendant previously and wrongfully refused to admit. Had defendant properly answered last July, or accepted plaintiff's offer to allow defendant to then correct the problem, this discovery would have been unnecessary. Defendant's intransigence ultimately forced plaintiff to the time and expense of seeking appropriate relief, which plaintiff did by its motion of January 27, 2006.

In this case, as is *Espinosa v. Sisters of Providence Health System*, 227 F.R.D. 24, 27 (D. Mass. 2005), defendant's motion is "a bit cryptic", in that "it does not adequately describe the amendments Defendants seek…." In *Espinosa*, at least the defendant filed with its Rule 15(a)

6

motion, its proposed amended answer, as is customary. *Id.* As noted above, in this case, defendant J & K Fishing Corp., not only did not file a proposed amended answer, it also completely fails to detail precisely how it wants to amend. Consequently, it offers no way for plaintiff, or for this Court, to gauge accurately the extent of the prejudice that plaintiff will suffer. Defendant apparently instead seeks completely open-ended leave to file a further amended answer, which would of course allow defendant not only to alter its improper averments in answer to the Amended Complaint, but also to change its affirmative defenses, and/or its counterclaims. Defendant could conceivably even add new counterclaims. Such a radically altered pleading would cause defendant severe prejudice, as it might require not only a re-opening of factual discovery, but also require plaintiff to alter its pre-trial tactics and trial planning. *See Grant v. News Group Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995); *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4-5 (1st Cir. 1983) (finding prejudice to party opposing late-filed motion to amend even where additional discovery was not necessary; the additional claims "may well have affected defendants' planned trial strategy and tactics" and would likely have "required additional time to prepare for trial"). A further Amended Answer would also require careful scrutiny by plaintiff and might in addition require plaintiff to prepare a further Reply to any altered or added counterclaims.

Moreover, plaintiff in this case, like the party opposing amendment in *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995), is well on its way towards completion of a motion for summary judgment. Allowing defendant to amend its answer at all, and especially allowing the open-ended amendment that defendant apparently seeks, would force plaintiff not only to delay submission of its motion for summary judgment but also to perhaps completely re-work it.

As the First Circuit has stated, "Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts." *Acosta v. Hilton International of Puerto Rico, Inc.*, 156 F.3d 49, 53 (1st Cir. 1998). Allowing defendant to further amend its answer herein would excuse defendant's lack of diligence and impose significant and unwarranted additional burdens on the plaintiff and the Court.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Allow Filing of an Amended Answer should be denied.

Dated: February 23, 2006

Respectfully submitted,

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY

By its Attorneys,
*/s/ Bradley F. Gandrup, Jr.*

Bradley F. Gandrup, Jr. (BBO No. 549794)
Holbrook & Murphy
15 Broad Street, Suite 900
Boston, MA 02109
Tel.: (617) 428-1151
Email: bgandrup@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served electronically on David Ansel, Esq., Ansel & Associates, 66 Long Wharf, Boston, MA 02110, and on Charles M. Sabatt, Esq., Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C., 25 Mid Tech Drive, West Yarmouth, MA 02673 on February 23, 2006.

*/s/ Bradley F. Gandrup, Jr.*

Bradley F. Gandrup, Jr. (BBO No. 549794)

# HOLBROOK & MURPHY
ATTORNEYS AT LAW
PROCTORS IN ADMIRALTY

150 FEDERAL STREET
12TH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 428-1151
FACSIMILE: (617) 443-1696

E-MAIL:
holbrook_murphy@msn.com

July 15, 2005

**BY FAX & MAIL**

Charles M. Sabatt, Esq.
Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C.
25 Mid-Tech Dr.
W. Yarmouth, MA 02673

> **Re: North American Specialty Insurance Company v. J & K Fishing Corp.**
> **U.S.D.C. Civil Action No.: 05 Civ. 10336 (RWZ)**

Dear Chuck:

    I have reviewed your answer to the amended complaint and note three problems. I am writing pursuant to LR 7.1(A)(2).

    First, answer paragraphs 35, 37, 39, 41, 42, 43 and 44 all state that "[t]he Defendant can neither admit nor deny the allegations set forth within [the corresponding paragraph] of the Amended Complaint and calls upon the Plaintiff to prove the same." These responses are improper under Fed. R. Civ. P. 8(b). In *Westfield High School L.I.F.E. Club v. City of Westfield*, 249 F.Supp.2d 98 (D. Mass. 2003), the defendants answered certain allegations in a similar manner, stating that they "neither admit nor deny the allegations . . . but call upon the Plaintiffs to prove the same." The Court stated that "[s]uch averments are impermissible under the rules of responsive pleading." *Id.* at 102, n. 4 citing Fed. R. Civ. P. 8(b) (a party shall "admit or deny" or state that the party is "without knowledge or information sufficient to form a belief as the truth of an averment"). The Court then treated the defendants' failures to deny the plaintiffs' averments as admissions under Rule 8(d). *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 1998 U.S. Dist. LEXIS 9008 (N.D. Ill. 1998) and other cases are to the same effect.

    Secondly, answer paragraphs 4, 5, 6 25, 46, 47, 48, 50, 51, 52, 53, 61, 62 and 63 state that "[t]his is a conclusion of law as opposed to an allegation of fact and as a result defendant is not required to answer." It is incorrect to aver that defendant is not required to answer: "legal conclusions are an integral part of the federal notice pleading regime." *State Farm Mutual*

1



— Exhibit A —

*Insurance Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001). "Nowhere in Rule 8(b) or elsewhere in the Rules is a pleader granted license to decline responding on the basis that a plaintiff's allegations 'constitute conclusions of law.'" *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Aramark Services, Inc.*, 1999 U.S. Dist LEXIS 17375 (N.D. Ill. 1999).

      Thirdly and finally, I note that you purport to demand a jury trial in connection with your counterclaims. Though we are quite confident that we will be able to demonstrate that defendant's counterclaims are factually and legally baseless, and intend to do so by motion in due course, we nonetheless submit that there is no right to a jury trial in connection with them. *Jefferson Insurance Co. of NY v. Maine Offshore Boats, Inc.*, 2001 A.M.C. 2171, 2001 U.S. Dist. LEXIS 5975 (D. Me. 2001); *Royal Insurance Co. of America v. Deep Sea International*, 2004 U.S. Dist. LEXIS 5948 (S.D.N.Y. 2004); *ING Groep, Inc. v. Stegall*, 2004 A.M.C. 2992, 2004 U.S. Dist. LEXIS 27379 (D. Colo. 2004).

      Please let me know by July 22 whether defendant will voluntarily correct these problems or whether a motion will be necessary

                                          Very truly yours,

                                          Brad Gandrup, Jr.

cc:    David Ansel, Esq.